UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **INLINE CONNECTION CORPORATION,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **VERIZON INTERNET SERVICES, INC.,** *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Misc. Action No. 05-481 (RMC) |

### ORDER DENYING VERIZON'S MOTION TO COMPEL

This matter comes before the Court on the motion to compel compliance with subpoenas *duces tecum* filed by Verizon Internet Services, Inc., and GTE.net LLC (collectively "Verizon"). Because the costs associated with the production of such documents is significant, the Court will deny Verizon's motion to compel.

### I. BACKGROUND FACTS

On October 7, 2005, Defendant Verizon caused subpoenas *duces tecum* to be served upon Respondents: 1) Cole, Raywid and Braverman, LLP ("CRB"), a Washington, D.C. law firm; and 2) Christopher W. Savage, a former employee of Verizon's predecessor (Bell Atlantic) and now a partner at CRB. Defs.' Mem. Supp. at 1. Both Respondents are non-parties to this action. CRB, and Savage in particular, was the former counsel to Plaintiff Inline Connection Corp. ("Inline"). *Id.* at 1-2. Verizon subpoenaed documents relating to Mr. Savage's representation of Inline. *Id.* at 2. Verizon also seeks Mr. Savage's communications with Bell Atlantic, allegedly including Inline's

allegations of patent infringement against Verizon. *Id.*[1]

CRB and Savage have refused to hand over the approximately 1,600 pages of documents required by the subpoena *duces tecum*. CRB objected to the subpoena and the request for production of documents due to the high cost of producing the documents. In addition to copying costs, CRB insists on being paid approximately $2,000 for the time it would take its professional staff to complete an initial review, draft a letter and make related phone calls and send related emails, copy the documents for Inline's review, and then review the log Inline creates. This figure was originally higher because CRB was going to inspect all the documents to be produced for privileged information, create a privilege log, and seek a protective order for the non-privileged information produced. *Id.* Ex. C at 1-2. The sum was then reduced to approximately $2,000 in fees after Inline's counsel agreed to prepare the privilege log. Respondents contend that they must still review the privilege log, thus justifying the remaining costs. Resps.' Mem. Opp'n. at 2 n.5. Verizon has refused to pay the fees accrued by CRB, contending that the fees, aside from the reasonable copying costs that Verizon has already agreed to pay, are nothing more than what "any individual or organization normally bears in responding to a subpoena." *Id.* Ex. G at 1.

## II. ANALYSIS

"[A]n order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded." Fed. R. Civ. P. 45(c)(2)(B). Rule 45 allows the courts to require either, or both, interim reimbursement of costs and post-reimbursement of costs in the discovery process. *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 368 (D.C. Cir. 1982) (citing *SEC v. Arthur Young & Co.*,

---

[1] The relevance of the documents to the underlying suit is not at issue here.

584 F.2d 1018, 1022 & 1034 (D.C. Cir. 1978)). Rule 45 now requires this Court to protect CRB, a non-party in this action, from "significant expense" in the reproduction of the documents in question. Fed. R. Civ. P. 45(c)(2)(B); *see* Fed. R. Civ. P. 45(c) 1991 advisory committee's note ("A non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court."). The mandatory protection offered by Rule 45(c)(2)(B) is a clear change from the old rule that gave courts the discretion to condition a subpoena's enforcement on the payment of costs by the petitioner. *In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992).

The mandatory language of Rule 45(c)(2)(B) does not mean the entire cost of compliance must be borne by the petitioner. Only costs deemed "significant" are necessarily paid for by the requesting party. *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001). A non-party respondent may still be called upon to bear some or all of its expenses that are not significant, or "where equity demands" such a result. *Id.*; *Exxon*, 142 F.R.D. at 383 (citing *United States v. IBM*, 62 F.R.D. 507 (S.D.N.Y. 1974)). Allocation of discovery expenses is within a court's discretion. Factors to be weighed include whether the non-party has an interest in the outcome of the case, whether the non-party can more readily bear its costs than the requesting party, and whether the litigation is of public importance. *Linder*, 251 F.3d at 182.

A wide spectrum of expenses has been deemed significant, from expenses in the millions or hundreds of thousands of dollars, *see Linder*, 251 F.3d at 182 ($199,537.08); *Columbia*, 666 F.2d at 372 ($2.3 million), to lesser amounts of thousands of dollars. *Exxon,* 142 F.R.D. at 382 ($30,000); *Williams v. City of Dallas*, 178 F.R.D. 103, 113 (N.D. Tex. 1998) ($9,000); *Standard Chlorine of Del. Inc. v. Sinibaldi*, 821 F. Supp. 232, 265 (D. Del. 1992) ($1,750). Non-party status

has long been held to be an important factor when weighing whether to impose discovery costs on the requesting or producing party because non-parties have no control over the scope of discovery and therefore should not be made to bear the significant burdens of such production. *Columbia*, 666 F.2d at 371-72.

CRB seeks reimbursement for the time its professionals spent responding to the subpoena and not otherwise working for its clients and developing revenue for the firm. CRB estimates the cost of its initial production of 1,600 documents at approximately $2,000. These costs are more significant to CRB, a law firm, than to the requesting party, Verizon, a multi-billion dollar corporation. Even if CRB were a large corporation, it would not justify compelling CRB to subsidize the defense of Verizon, another large corporation. *Id.* at 372. If this litigation involved CRB, $2,000 might be seen as an insignificant expense, but as a non-party without control over the scope of discovery, such an expense is significant. *Id.* at 371-72. It should be noted that CRB has mitigated its costs by asking for and receiving assistance from its former client, Inline, in inspecting the documents for privilege. While CRB's costs are significant, they also are reasonable, as CRB must review the documents after Inline has redacted the privileged information.

### III. CONCLUSION

Based on the significant cost to CRB for production of the documents in question, the insignificance of that expense to Verizon, CRB's good faith efforts to mitigate production costs by seeking assistance from Inline, and the clear intent of Rule 45 and its 1991 Amendment, Verizon's motion to compel compliance with subpoenas *duces tecum* without payment to CRB for its staff costs is denied. Accordingly, it is hereby

**ORDERED** that Verizon's motion to compel [Dkt. #1] is **DENIED**; and it is

**FURTHER ORDERED** that Verizon may not subpoena or otherwise seek any of Respondents' documents or any privilege log unless and until Verizon reimburses Respondents for the reasonable cost of the time spent by its professional staff producing such documents and preparing such privilege log; and it is

**FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 37(a)(4)(B), Verizon pay to Respondents all fees and costs associated with opposing Verizon's motion to compel.

**SO ORDERED.**

_____/s/_____
ROSEMARY M. COLLYER
Date: March 15, 2006                United States District Judge